# UNITED STATES DISTRICT COURT
# MIDDLE DISTRICT OF FLORIDA
# FORT MYERS DIVISION

STERLING SECURITIES, LLC,
a New Jersey Limited Liability
Company,

    Plaintiff,

v.                                                                    Case No.

CARL R. MASE, JR., an individual,
and STERLING SECURITIES
SOUTH WEST, a Florida Limited
Liability Company,

    Defendants.

_____/

## COMPLAINT

Plaintiff, Sterling Securities, LLC, sues Defendants Carl R. Mase, Jr. ("Mase") and Sterling Securities South West, LLC ("SSSW") (collectively, "Defendants"), and alleges:

## PARTIES, JURISDICTION, AND VENUE

1.    Plaintiff, Sterling Securities, LLC ("Plaintiff" or "Sterling"), is a foreign limited liability company wholly owned by two individuals who are citizens of New Jersey.

2.    Defendant, Carl R. Mase, Jr. ("Mase"), is an individual who resides in Florida and is otherwise *sui juris*. Mase is a citizen of Florida.

3. Defendant Sterling Securities South West, LLC ("SSSW"), is a Florida limited liability company owned by a single member, Defendant Mase, who is a citizen of Florida. Therefore, SSSW is a citizen of Florida.

4. This Court has subject-matter jurisdiction pursuant to 28 U.S.C. § 1331, because this action arises under the Lanham Act, 15 U.S.C. § 1125(a).

5. This Court has supplemental jurisdiction over Plaintiff's state-law claims pursuant to 28 U.S.C. § 1367, as those claims form part of the same case or controversy.

6. Venue is proper in this District under 28 U.S.C. § 1391(b) because Defendants reside in this District and a substantial part of the events and omissions giving rise to the claims occurred in this District.

7. At all relevant times, Defendant Mase was the President, Owner, and managing member of SSSW, exercised exclusive managerial control over its operations and finances, and personally authorized, directed, and benefited from the conduct alleged herein.

## GENERAL FACTUAL ALLEGATIONS

8. Since at least December 17, 2007, Plaintiff has continuously used the "Sterling Securities" name and mark in commerce in connection with security services.

9. Through long and continuous use, Plaintiff developed substantial goodwill, reputation, and enforceable common-law trademark rights in the Sterling Securities name well before Defendants' conduct.

10. In 2020, Plaintiff proposed expanding its Sterling Securities operations into Florida and engaged Defendant Mase to assist in establishing and operating a Florida-based venture using Plaintiff's established Sterling Securities brand.

11. On or about October 29, 2020, Plaintiff and Defendant Mase effectuated this expansion by forming Sterling Securities South West, LLC, and deliberately adopting a name derived from Plaintiff's senior mark.

12. Plaintiff provided capital to support SSSW's initial operations.

13. As part of the parties' joint venture, Plaintiff, through its principal, was expressly named as a manager of SSSW in the Articles of Organization, exercised managerial authority, and held an economic interest in the company.

14. Plaintiff's status as a manager was never lawfully revoked, amended, or terminated by any operating agreement, vote, written consent, or amendment to the Articles of Organization.

15. Defendant Mase acknowledged Plaintiff's managerial role and authority during the operation of the venture.

16. Plaintiff's managerial status arose from and was governed by the Articles of Organization and could not be eliminated by unilateral action, internal bookkeeping, or subsequent public filings.

17. Any permission granted to Defendants to use the Sterling Securities name was limited, implied, and revocable, and existed solely for purposes of the joint venture.

18. Plaintiff never executed any written trademark license, assignment, or operating agreement granting Defendants perpetual or independent rights to the Sterling Securities name or goodwill.

19. In or about 2022, Defendant Mase unilaterally removed Plaintiff from management and governance, caused Plaintiff to disappear from SSW's public filings and internal records, and thereafter exercised exclusive control over the company without Plaintiff's consent and without lawful process or disclosure.

20. Following Plaintiff's improper removal from management, Defendant Mase caused SSSW's annual reports and public filings with the Florida Department of State to omit any reference to Plaintiff's managerial role or interest. Those filings publicly reflected Defendant Mase's assertion of exclusive control over the company, further evidencing Plaintiff's exclusion from governance, denial of access to records, and Defendants' intent to operate the company without Plaintiff's participation or consent.

21. On or about June 12, 2022, Defendant Mase expressly terminated the parties' relationship and represented in writing that he was finished operating the business and that the venture was over.

22. As a matter of law and fact, any implied permission to use Plaintiff's Sterling Securities mark was revoked at that time.

23. Given the revocation, Plaintiff's removal, and Mase's representations, Plaintiff was surprised to learn three years later that Mase has in fact continued to operate SSSW.

24. Without Plaintiff's knowledge, SSSW has continued offering to offer services identical to Plaintiff's through the same channels of trade using the Sterling Securities name and confusingly similar branding.

25. Defendants retained and continue to retain profits derived from the unauthorized use of Plaintiff's brand and goodwill.

26. At all relevant times, Defendants acted in concert and through one another. Defendant Mase controlled and directed SSSW's conduct, and both Defendants knowingly participated in and benefited from the wrongful acts alleged.

27. Defendants are jointly and severally liable for all damages and equitable relief arising from Plaintiff's claims.

28. Plaintiff has engaged the undersigned law firm to represent its interests in the instant action and is obligated to pay a reasonable fee for legal services relative thereto.

29. Plaintiff is entitled to recover its reasonable attorneys' fees from Defendants pursuant to 15 U.S.C. § 1117(a).

### COUNT I – FALSE DESIGNATION OF ORIGIN/UNFAIR COMPETITION (15 U.S.C. § 1125(a))

30. Plaintiff incorporates the allegations of paragraphs 1 through 29 as if fully set forth herein.

31. Plaintiff is the senior user of the Sterling Securities mark, with priority dating to 2007.

32. Defendants knowingly adopted and continued using a confusingly similar mark in commerce.

33. Defendants' continued use after revocation of permission is unauthorized.

34. Defendants' conduct is likely to cause confusion as to affiliation, sponsorship, or approval. At best, SSSW's mark is a derivative work and the continued use waters down the value of Plaintiff's mark

35. Defendants acted willfully and in bad faith by their secretive continued use of the mark.

WHEREFORE, Plaintiff respectfully requests that the Court enter judgment in its favor and against Defendants, Carl R. Mase, Jr., and Sterling Securities South West, LLC, and: (a) preliminarily and permanently enjoin Defendants from using the Sterling Securities name or any confusingly similar mark; (b) order Defendants to immediately and permanently cease all representations suggesting affiliation, sponsorship, or approval by Plaintiff; (c) order an accounting and disgorgement of all profits attributable to Defendants' unlawful use of Plaintiff's mark; (d) award Plaintiff compensatory damages in an amount to be proven at trial; (e) award Plaintiff its reasonable attorneys' fees and costs pursuant to 15 U.S.C. § 1117(a) on the grounds that this is an exceptional case; and (f) grant such other and further relief as the Court deems just and proper.

**COUNT II – COMMON LAW TRADEMARK INFRINGEMENT AND UNFAIR COMPETITION (FLORIDA)**

36. Plaintiff incorporates the allegations of paragraphs 1 through 27 as if fully set forth herein.

37. Defendants' conduct constitutes infringement of Plaintiff's common law trademark rights and unfair competition under Florida law.

WHEREFORE, Plaintiff respectfully requests that the Court enter judgment in its favor and against Defendants, Carl R. Mase, Jr., and Sterling Securities South West, LLC, and: (a) enjoin Defendants from further infringement and unfair competition; (b) award Plaintiff damages sustained as a result of Defendants' conduct; (c) order disgorgement of profits wrongfully obtained; (d) award Plaintiff its costs; and (e) grant such other and further relief as the Court deems equitable and proper.

## COUNT III – FLORIDA LLC ACT: FIDUCIARY BREACH, PROFIT DIVERSION & ACCOUNTING (Fla. Stat. §§ 605.04091, 605.0410)

38. Plaintiff incorporates the allegations of paragraphs 1 through 27 as if fully set forth herein.

39. Defendant Mase owed statutory and fiduciary duties of loyalty, care, and good faith.

40. Defendant Mase breached those duties by unilaterally removing Plaintiff from management, excluding Plaintiff from records and profits, and diverting business opportunities derived from Plaintiff's brand.

41. Defendants violated Fla. Stat. § 605.0410 by refusing Plaintiff access to SSSW's books and records.

42. Plaintiff is entitled to an accounting, disgorgement of profits from the date of removal forward, and equitable relief including a constructive trust.

WHEREFORE, Plaintiff respectfully requests that the Court enter judgment in its favor and against Defendants and: (a) declare that Defendant Mase breached his fiduciary duties under Chapter 605, Florida Statutes; (b) order a full accounting of SSSW's finances, contracts, and profits from the date of Plaintiff's removal forward; (c) order disgorgement of all profits and benefits wrongfully diverted or retained; (d) impose a constructive trust over funds and assets derived from Plaintiff's brand and goodwill; (e) award Plaintiff its costs and equitable relief as appropriate; and (f) grant such other and further relief as the Court deems just and proper.

## COUNT IV – UNJUST ENRICHMENT
*(Pled in the alternative)*

43. Plaintiff incorporates the allegations of paragraphs 1 through 27 as if fully set forth herein.

44. Plaintiff provided Defendants with capital and profits from its brand and goodwill.

45. The capital provided by Plaintiff included funds advanced to launch SSSW's operations, which Defendants retained after excluding Plaintiff from management and profits.

46. Defendants knowingly accepted and retained this capital and profits from Plaintiff's brand and goodwill.

47. Defendants have failed or refused to pay Plaintiff for this capital, goodwill, and profits.

48. This capital, profits, and goodwill provided a benefit to Defendants.

49. Plaintiff conferred this benefit on Defendants.

50. Defendants knew of this benefit and knew that it had not paid for the capital, profits, and goodwill received.

51. Defendants voluntarily accepted and retained these benefits.

52. The circumstances are such that it would be inequitable for Defendant to keep this benefit without paying the value thereof.

WHEREFORE, Plaintiff respectfully requests that the Court enter judgment in its favor and against Defendants, and: (a) order restitution and disgorgement of all benefits unjustly retained; (b) award Plaintiff monetary relief sufficient to prevent Defendants' unjust enrichment; (c) award Plaintiff its costs; and (d) grant such other relief as the Court deems just and equitable.

## COUNT V – CONVERSION

53. Plaintiff incorporates the allegations of paragraphs 1 through 27 as if fully set forth herein.

54. Defendants wrongfully exercised dominion over Plaintiff's profits and business records.

55. Defendants' exercise of dominion over Plaintiff's profits and business records is inconsistent with Plaintiff's right of possession.

56. Defendants' conduct was intentional and malicious, supporting punitive damages.

WHEREFORE, Plaintiff respectfully requests that the Court enter judgment in its favor and against Defendants, and: (a) award Plaintiff compensatory damages for conversion of its capital, profits, and business records; (b) award punitive damages based on Defendants' intentional and malicious conduct; (c) award Plaintiff its costs; and (d) grant such other relief as the Court deems just and proper.

## COUNT VI – INJUNCTIVE RELIEF

57. Plaintiff incorporates the allegations of paragraphs 1 through 27 as if fully set forth herein.

58. Plaintiff lacks an adequate remedy at law.

59. Plaintiff seeks preliminary and permanent injunctive relief barring Defendants and all persons acting in active concert or participation with them, including officers, employees, and agents, from:

> (a) using the Sterling Securities name or confusingly similar marks;
>
> (b) misrepresenting affiliation with Plaintiff; and
>
> (c) destroying, concealing, or altering books, records, or electronically stored information.

WHEREFORE, Plaintiff respectfully requests that the Court: (a) enter preliminary and permanent injunctions prohibiting Defendants from using the Sterling Securities name or any confusingly similar designation, representing any

affiliation with Plaintiff, and destroying, concealing, or altering books, records, or electronically stored information; (b) retain jurisdiction to enforce compliance with this injunction; and (c) grant such other and further relief as the Court deems just and proper.

Respectfully submitted, December 30, 2025

**GOEDE, DEBOEST & CROSS, PLLC**

By: /s/ *Justin Bailey*
Justin Bailey, Esq.
Florida Bar No. 1049600
David F. Bussey
Florida Bar No. 1045717
dbussey@gadclaw.com
jdelgado@gadclaw.com
6609 Willow Park Dr., 2nd Floor
Naples, FL 34109
(239) 331-5100 – Telephone
(239) 260-7677 – Facsimile
*Counsel for Plaintiff*